UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOEL B. SHAMITOFF, et al.,

        Plaintiffs,

    v.

GEOFFREY RICHARDS, Chapter 7
trustee, et al.,

        Defendants.

No.  2:14-cv-00024-MCE-CKD

**MEMORANDUM AND ORDER**

On January 3, 2014, Plaintiffs Joel B. Shamitoff, Shamitoff Industries, Inc.,

Shamitoy Interactive, and Universal Interactive LLC[1] ("Shamitoff") filed the instant action

against Geoffrey Richards, the Chapter 7 trustee for the bankruptcy estate of Jacquelynn

("Jackie") Bird; Robert Brown, an American Arbitration Association ("AAA") arbitrator;

and the AAA.[2]  Through the complaint, Plaintiffs sought to enjoin an arbitration ordered

by the Sacramento County Superior Court.

Presently before the Court are two motions.  First, Shamitoff moves to voluntarily

dismiss without prejudice claims against Defendant.  ECF No. 33.  Second, Shamitoff's

---

[1] According to the complaint, Joel Shamitoff is the principal for all three Plaintiff business entities.

[2] On August 11, 2014, Shamitoff's claims against Defendants Brown and the AAA were dismissed
without leave to amend.  ECF No. 31.  Consequently, Richards will be referred to as "Defendant."

1

1    counsel, C. Anthony Hughes ("Hughes"), moves to withdraw as counsel.  ECF No. 37.

2    For the following reasons, (1) Shamitoff's Motion to Dismiss is GRANTED subject to

3    payment of Defendant's attorney's fees and costs in an amount to be determined by the

4    Court, and (2) Hughes' Motion to Withdraw is DENIED.[3]

5

6                                    **BACKGROUND**

7

8         In 2008, Jackie Bird and her husband James Bird filed a lawsuit in the

9    Sacramento County Superior Court against Shamitoff seeking, among other things,

10   damages for fraud and breach of contract in connection with an investment that resulted

11   in a payment to Shamitoff of over $380,000.  At Shamitoff's request, and pursuant to the

12   terms of the contract with the Birds, the Sacramento County Superior Court ordered the

13   parties to arbitrate.  ECF No. 2-2.  Just prior to the commencement of the arbitration

14   proceedings, Jackie Bird filed for Chapter 7 bankruptcy protection.  Consequently, on

15   behalf of the bankruptcy estate, Defendant, the Chapter 7 trustee, attempted to collect

16   the money Shamitoff allegedly owed the Birds.

17        Shamitoff then embarked on a campaign to thwart the arbitration proceedings by

18   seeking continuances and filing numerous actions in the Sacramento and Orange

19   County Superior Courts seeking to, among other things, preliminarily enjoin the

20   arbitration proceedings and disqualify the arbitrator.  The state courts uniformly ruled

21   against Shamitoff.

22        Undeterred, Shamitoff filed the instant action and sought a temporary restraining

23   order in yet another attempt to halt the arbitration proceedings prior to the formal

24   hearing's conclusion.  On January 17, 2014, the Court denied Shamitoff's application for

25   a temporary restraining order, ECF No. 6, finding that Shamitoff was engaged in forum

26   shopping and was not likely to succeed on the merits.  Id. at 8-9.  Subsequently, the

27

28        [3] Because oral argument was not deemed to be of material assistance, the Court ordered this
          matter submitted on the briefs.  E.D. Cal. Local R. 20(g); ECF No. 47.

                                            2

1   arbitration hearing was completed and on February 10, 2014, the arbitrator ruled against

2   Shamitoff.  The arbitration award against Shamitoff was confirmed by the Sacramento

3   County Superior Court on May 12, 2014; an appeal from that judgment is pending.

4          After receiving notice of the arbitration award, the Court issued a Pretrial

5   Scheduling Order.  ECF No. 26.  Subsequently, Defendant noticed Shamitoff's

6   deposition.  A day prior to his scheduled deposition, however, Defendant was informed

7   that Shamitoff would not appear.  That same day, Shamitoff filed a procedurally deficient

8   motion to dismiss without prejudice claims against Defendant.  See ECF Nos. 27, 30.

9   Shamitoff subsequently filed the Motion to Dismiss Defendant without Prejudice that is

10  presently before the Court, ECF No. 33, and Shamitoff's counsel filed the instant Motion

11  to Withdraw, ECF No. 37.

12

13                                          **STANDARD**

14

15      **A.  Motion for Voluntary Dismissal**

16      Federal Rule of Civil Procedure Rule 41(a)(2) provides.

17                  Except as provided in Rule 41(a)(1), an action may be
                    dismissed at the plaintiff's request only by court order, on
18                  terms that the court considers proper.  If a defendant has
                    pleaded a counterclaim before being served with the
19                  plaintiff's motion to dismiss, the action may be dismissed over
                    the defendant's objection only if the counterclaim can remain
20                  pending for independent adjudication.  Unless the order
                    states otherwise, a dismissal under this paragraph (2) is
21                  without prejudice.

22      A district court should grant a motion for voluntary dismissal under Federal Rule

23  of Civil Procedure 41(a)(2) unless a defendant can show it will suffer some plain legal

24  prejudice as a result.  Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987); see

25  also Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145-46 (9th Cir. 1982).  The

26  Ninth Circuit has clarified that "legal prejudice" means "prejudice to some legal interest,

27  some legal claim, some legal argument."  Smith v. Lenches, 263 F.3d 972, 976 (9th Cir.

28  2001) (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)).

1    Further, mere "uncertainty because a dispute remains unresolved" does not result in

2    plain legal prejudice; nor does uncertainty due to the threat of future litigation.  Id.

3    Finally, plain legal prejudice does not result merely because a defendant will be

4    inconvenienced by having to defend in another forum or where a plaintiff would gain a

5    tactical advantage through dismissal.  Hamilton, 679 F.2d at 145.

6           **B. Motion to Withdraw As Counsel**

7           Local Rule 83-182(d) governs the withdrawal of attorneys in this Court.  According

8    to the rule, an attorney "may not withdraw leaving the client in propria persona without

9    leave of court upon noticed motion and notice to the client and all other parties who have

10   appeared.  Id.  In support of a motion to withdraw as counsel, an "attorney shall provide

11   an affidavit stating the current or last known address or addresses of the client and the

12   efforts made to notify the client of the motion."

13

14                                    **ANALYSIS**

15

16          **A. Motion to Voluntarily Dismiss**

17          Shamitoff seeks to voluntarily dismiss without prejudice the complaint's remaining

18   claims pursuant to Rule 41(a)(2).  Defendant does not oppose Shamitoff's motion or

19   argue that he will suffer plain legal prejudice as a result of dismissal.  However,

20   Defendant requests as a condition to dismissal that the Court award attorney's fees and

21   costs to Defendant in the amount of $13,148, which is based on 34.6 hours expended by

22   Defendant's counsel thus far.  See ECF No. 46-1 at 4.  Because Defendant has not

23   demonstrated legal prejudice, and expenses incurred in defending a lawsuit do not in

24   and of themselves amount to legal prejudice, see Westlands, 100 F.3d at 97, the Court

25   finds that voluntary dismissal is appropriate.

26          However, the Court may nonetheless exercise its discretion to protect a

27   defendant's interests by conditioning a voluntary dismissal without prejudice upon the

28   payment of appropriate attorney's fees and costs.  Id.; see also Fed. R. Civ. P. 41(a)(2)

                                           4

1  (action may be dismissed by court order "on terms that the court considers proper");

2  McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986) (Rule 41(a)(2) intended

3  to allow the court to "exercise its broad equitable discretion . . . to weigh the relevant

4  equities and do justice between the parties").  Indeed, the imposition of attorney's fees

5  and costs are often imposed upon a plaintiff who is granted a voluntary dismissal

6  pursuant to Rule 41(a)(2).  See Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d

7  919, 921 (9th Cir. 1989).

8       The Court finds that under the facts of this case, conditioning the voluntary

9  dismissal upon the payment of attorney's fees and costs is appropriate.  Unlike the

10  plaintiff in Armilla, Shamitoff has not raised a substantial legal question in this case.

11  Indeed, this Court previously found that the filing of this action amounted to no more

12  than improper forum shopping.  ECF No. 6 at 8.  In fact, Shamitoff previously proffered

13  the same arguments he advanced in this litigation in two different state courts without

14  success.  Id.  It is abundantly clear on this record that Shamitoff never had a realistic

15  chance of prevailing on his claims in this Court.  Moreover, as Shamitoff concedes, work

16  performed by Defendant's counsel will not be useful in any continuing litigation between

17  the parties.  See Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1992); ECF No. 35 at 3.

18       Accordingly, Shamitoff's Motion to Voluntarily Dismiss without Prejudice is

19  GRANTED on the condition that Shamitoff pay Defendant's attorney's fees and costs in

20  an amount to be determined by the Court.  Defendant shall submit as soon as

21  practicable and no later than twenty (20) days after the date this Memorandum and

22  Order is filed electronically documentation in support of the hours worked and the rates

23  requested for all attorney's fees and costs sought.

24       **B.  Motion to Withdraw As Counsel**

25       The Motion to Withdraw fails to comply with the Court's procedural requirements.

26  First, although this is a federal case, counsel's electronically filed notice of motion and

27  motion was submitted on a form for use in California state court proceedings.  Moreover,

28  although counsel submitted a declaration in support of his Motion to Withdraw, ECF

5

1 No. 37-1, he failed to provide "the current or last known address or addresses of the

2 client" or to explain "the efforts made to notify the client of the motion to withdraw" as

3 required by Local Rule 83-182(d).

4       Accordingly, counsel's Motion to Withdraw is DENIED WITHOUT PREJUDICE.

5 In the event counsel wishes to pursue again withdrawal as counsel of record, he must

6 resubmit and notice a motion that complies fully with Rule 83-182(d).

7

8 **CONCLUSION**

9

10       For the foregoing reasons, IT IS HEREBY ORDERED THAT:

11    1. Shamitoff's Motion to Dismiss Without Prejudice, ECF No. 33, is GRANTED,

12       subject to the condition that Shamitoff pay Defendant's attorney's fees and

13       costs in an amount to be determined by the Court;

14    2. Defendant shall submit as soon as practicable and no later than twenty (20)

15       days after the date this Memorandum and Order is filed electronically

16       documentation in support of the hours worked and the rates requested for all

17       attorney's fees and costs sought;

18    3. Shamitoff may, but is not required to, file a response to Defendant's

19       documentation in support of the request for attorney's fees and costs within

20       ten (10) days after Defendant's electronic filing;

21    4. Within twenty (20) days after this Memorandum and Order is electronically

22       filed, Shamitoff may withdraw the Motion for Voluntary Dismissal if he declines

23       to accept, as a condition of that dismissal, the requirement that he pay

24       Defendant's attorney's fees and costs[4]; and

25 ///

26 ///

27      [4] See Lau v. Glendora Unified Sch. Dist., 792 F.2d 929 (9th Cir. 1986) (plaintiff must be given a reasonable amount of time in which to refuse the voluntary dismissal if the conditions imposed are too

28 onerous).

1       5.   Counsel Hughes' Motion to Withdraw, ECF No. 37, is DENIED WITHOUT

2         PREJUDICE.

3       IT IS SO ORDERED.

4   Dated:  November 18, 2014

5

6         MORRISON C. ENGLAND, JR., CHIEF JUDGE
      UNITED STATES DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28